UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

In re:
    Vilma Madson, )
        Debtor, )
                       )
                       )
Anthony Stelmokas, )
    Plaintiff, )
                       )
   vs. )
                       )
Vilma Madson, )
    Defendant. )

Bankruptcy No. 09-27774

Chapter 7

Adversary No.

FILED
NOV 5 2009
KENNETH S. GARDNER, CLERK
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
PS REP. - MBM

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER**
**11 U.S.C. §523(a)(2)**

Plaintiff, Anthony Stelmokas, a creditor and party in interest in the above referenced bankruptcy case, files this Complaint to Determine Dischargeability of Debt Under 11 U.S.C. §523 (the "Complaint"), and in support thereof respectfully represents to the Court as follows:

### I. Jurisdiction

1. This court has jurisdiction over the subject matter of this Complaint as a core proceeding pursuant to the provisions of 28 U.S.C.§§1334 and 157(b)(2)(I) and 11 U.S.C. §523 since this is a proceeding to determine the dischargeability of a particular debt.

2. This court has fixed November 10, 2009 as the last day to file a Complaint to Object to Discharge of Debtor Under 11 U.S.C.§727 and to Determine Dischargeability of Debt Under 11 U.S.C.§523. This complaint, therefore, has been timely filed.

### II. Parties

3. Vilma Madson ("Debtor"), filed a Voluntary Petition for Relief under Chapter 7 of title 11 of the United STates Code (the "Code") in this court on July 30, 2009.

4. The DEbtor may be served, pursuant to Fed R Bankr P 7004(b)(1), by mailing a copy of the Summons and Complaint to 2 West Beechwood Court, Buffalo Grove, Il. 60089 which address constitutes either ther Debtor's dwellling house or usual place of abode. This address is taken off debtor's B9A Notice of Bankruptcy Petition as being his present dwelling house address.

5. Plaintiff is a creditor of the Debtor with claims in excess of $14,000. Plaintiff's claims against the Debtor are evidenced by:

   a. A check, number 1313, copy of which is attached and made part of complaint, representing a cash loan of $11,650. as extended, made to Debtor's spouse, by Plaintiff on March 31, 2008, none of which has been paid. On information and belief, Debtor had interest in said loan and benefitted therefrom.

   b. On December 14, 2008 Plaintiff negotiated with Debtor and her husband Vytautas Kodzius (co-debtor in Bankruptcy Case No. 09-27773) a promissory note, a copy of which is attached and made part of.

   c. Said note was an extension of the above loan with reduced interest rate, negotiated and signed by the Debtor and her husband. The note was payable in full on June 14, 2009 or even sooner.

   d. Concurrent with the execution of the note as between the 3 parties, Debtor and husband orally averred to plaintiff that the note would be paid off on June 14, 2009 or sooner.

6. The Debtor obtained an extension, renewal, or refinancing, to the extent obtained, in the second instance, through the representations which the Debtor either knew to be false or made with such reckless disregard for the truth as constitues a willful misrepresentation.

7. That the Debtor intended to deceive Plaintiff in this second instance.

8. The Plaintiff relied on the false representations and the reliance was reasonable.

IV. Violation of 11 U.S.C. §523 (a)(2)(A)

10. The Debtor, through false pretenses, false representations, and/or actual fraud acted to induce Plaintiff to enter into the second agreement heretofore described for valuable consideration, and in the absence of the false pretense, false representations, and/or actual fraud by the Debtor, Plaintiff would not have entered into the promissory note agreement, and incurred the losses attributable to the Debtor.

11. The Debtor's conduct violates 11 U.S.C. §523(a)(2)(A), and therefore, the Debtor's indebtedness to Anthony Stelmokas constitutes a nondischargeable debt.

## V. Requested Relief

WHEREFORE, Plaintiff respectfully requests that htis Court upon trial:

1. Order that the Debtor's indebtedness to Plaintiff (or such amount thereof that the Court deems appropriate) constitues a nondischargeable debt pursuant to 11 U.S.C.§523(a)(2)(A).

2. Grant a nondischargeable judgment in favor of Plaintiff against the Debtor plus prejudgment and post-judgment interest as provided by law, reasonable attorney fees, costs and expenses; and

3. Grant Plaintiff such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

_____
Anthony Stelmokas, pro se

Anthony Stelmokas
2548 West 69th St.
Chicago, Il. 60629
773 476-0404